The Honorable Mark A. Pate State Representative Post Office Box 943 Bald Knob, Arkansas 72010-0943
Dear Representative Pate:
I am writing in response to your request for an opinion on a question regarding management of a 911 dispatch center. You pose your question as follows:
 Presuming that a Quorum Court can not order a Sheriff to take over management of a 911 dispatch, is a Quorum Court authorized to take control of a 911 dispatch away from a Sheriff, or does that authority lie with the County Judge and/or an authorized board?
RESPONSE
I assume your question refers to a sheriff who has been designated as the "operating agency" for a "911 public safety communications center." If this is a correct assumption, it is my opinion that the answer to your question is "no," a quorum court is not authorized to "take control of a 911 dispatch away from a Sheriff." That authority, in my opinion, lies with the county judge.
As an initial matter, it may be helpful to clarify some terms prior to addressing your question. You have asked your question with reference to a "911 dispatch." The applicable subchapter of the Arkansas Code, A.C.A. §§ 12-10-301 to -324 (Repl. 1999 and Supp. 2003), provides a number of pertinent definitions with regard to the operation of 911 systems. Some of the pertinent ones are as follows:
 "911 public safety communications center" means the communications center operated on a twenty-four (24) hour basis by one of the operating agencies defined by this subchapter and as designated by the chief executive of the political subdivision which includes the public safety answering point and dispatches one (1) or more public safety agencies.
* * *
 "Operating agency" means the public safety agency authorized and designated by the chief executive of the political subdivision to operate a 911 public safety communications center.
* * *
 "Dispatch center" means a public or private agency which dispatches public or private safety agencies but does not operate a 911 public safety answer point.
* * *
 "Public safety answering point" means the location at which 911 calls are initially answered.
See A.C.A. §§ 12-10-303(13); 12-10-303(14)(A); 12-10-303(8); and12-10-303(17), respectively.
As noted above, I assume your question refers to a sheriff who acts as the "operating agency" for a "911 public safety communications center" and not to a mere "dispatch center" which dispatches safety agencies but does not operate a 911 public safety answering point.
You first state your presumption that a quorum court cannot order a sheriff to take over management of a "911 dispatch." In my opinion this presumption is correct. See Op. Att'y. Gen. 2000-321 (concluding that a county quorum court may not order the sheriff to coordinate and operate the 911 system, citing A.C.A. § 12-10-302(e)(2)).
Similarly, in my opinion, a county quorum court may not "take control of a 911 dispatch away from a Sheriff." The statute relied upon in Op. Att'y. Gen. 2000-321 above is A.C.A. § 12-10-302. Subsection (e)(2) of this statute provides as follows:
It is found and declared necessary to:
* * *
 (2) Authorize each chief executive to direct establishment and operation of 911 public safety communications centers in their political subdivisions and to designate the location of the center and agency which is to operate the center. As both are elected positions, a county judge must obtain concurrence of the county sheriff. . . .
(Emphasis added).
This provision gives the "chief executive" the authority to designate the agency which is to operate a 911 public safety communications center. "Chief executive" is defined as being "synonymous with head of government and means the Governor, county judges, mayors, city managers, or city administrators of incorporated places, dependent upon the level and form of government." A.C.A. § 12-10-303 (5). The "chief executive" of a county is the county judge. Id. See also, Arkansas Constitution, Amendment 55, § 3; A.C.A. §§ 14-14-1101 and -1102.
Additional authority of the county judge in this regard is provided in A.C.A. § 12-10-304, which provides as follows:
 (a) The chief executive of each political subdivision shall determine if a 911 public safety communications center should be created and, if such a center is created, will designate the operating agency for the political subdivision.
 (b) The chief executive of each political subdivision may authorize or direct that a 911 public safety communications center be created or designate an existing dispatch center as the 911 public safety communications center for the political subdivision.
 (c) The 911 public safety communications center shall be the public safety answering point of the political subdivision and may serve as the public safety answering point for other political subdivisions as authorized in § 12-10-305.
In my opinion it is clear from a reading of these provisions that the power to designate the operating agency for a 911 public safety communications center lies with the county judge. Although the statutes do not speak directly to the authority to divest an operating agency from its duties, it is reasonable to conclude that the power of the county judge to designate the operating agency also includes the power to determine whether a current operating agency shall remain designated.
Your question also mentions an "authorized board" and whether the power to "take control of a 911 dispatch away from a sheriff" might lie with an "authorized board." I assume this reference is to a "county administrative board" created under A.C.A. § 14-14-705. Such boards "may be established to exercise administrative powers granted by county ordinance. . . ." A.C.A. § 14-14-705(2)(A). Board members are appointed by the county judge and confirmed by the quorum court. A.C.A. §14-14-705(2)(D). Because the powers of such boards are, as noted above in A.C.A. § 14-14-705(2)(A), "granted by county ordinance," a review of any applicable county ordinance would be necessary in order to determine the specific powers of any such administrative board. In my opinion, however, because state law clearly gives the power to designate the operating agency for a 911 communications center to the county judge, a county ordinance could not legally invest an administrative board with this same power. Quorum courts may not adopt ordinances that are contrary to state law. See Arkansas Constitution, Amendment 55, § 1(a) and A.C.A. §14-14-805(13). Therefore the county judge alone has the power to "designate" and thus appoint or remove the operating agency.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General